

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

ARNOLDO DORADO,

      Plaintiff,

v.

                                     :.09 32615

                        Case No.:

AMERICAN RELIABLE INSURANCE      Division:     **DIVISION K**

COMPANY,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ARNOLDO DORADO, by and through his undersigned counsel, hereby

sues Defendant, AMERICAN RELIABLE INSURANCE COMPANY, and as grounds

therefore would state as follows:

1.     This is an action seeking declaratory relief pursuant to chapter 86, Florida

Statutes, to determine and declare the rights and duties of the parties under a policy of

homeowners insurance issued or renewed by Defendant, as more specifically set forth below.

2.     The amount in controversy is in excess of fifteen thousand dollars ($15,000)

exclusive of interest, attorneys' fees and costs.

3.     At all times material hereto, Plaintiff was and is the owner of that certain real

property located at 6510 Clifton Street, Tampa, Hillsborough County, Florida.

4.     On or about June 17, 2007, Plaintiff renewed or procured a policy of

homeowners insurance from Defendant covering the above-referenced real property, a true

and correct copy of which is attached hereto as **Exhibit "A"** and incorporated herein.

5.     Plaintiff has renewed said policy each and every year and has paid all

premiums due thereunder.

6.     On or about December 1, 2007, while said policy was in full force and effect,

**RECEIVED** JAN 0 4 2010

Plaintiff discovered damage to his home, including, but not limited to, progressive physical damage to the walls and floors of the residence.

7.      Plaintiff has made an application for insurance benefits under the policy.

8.      The damage to the Plaintiff's home is caused by a covered peril under the policy.

9.      Sinkhole activity beneath the foundation of Plaintiff's home, which is a covered peril under the subject insurance policy, has been specifically identified by Defendant and Defendant's engineering firm as a probable cause of the damage sustained to the home.

10.      Plaintiff is entitled to have his home repaired including, but not limited to, remediation of subsurface conditions and restoration of the foundation, cosmetic repair, repairs of the cracks, structural repair, temporary repairs and other structurally necessary repairs.   If the home is not repairable within the applicable coverage limits, Plaintiff is entitled to be compensated for his total loss.

11.      Pursuant to section 627.707(5)(b), Florida Statutes, Defendant was required to develop a sinkhole remediation plan for the home "in consultation with the policyholder."

12.      Defendant's engineering firm unilaterally recommended certain subsurface remedial measures, which, according to Plaintiff's retained engineer, are structurally insufficient to properly and permanently repair/remediate the subsurface and foundation of the home.

13.      As a result a bona fide dispute has arisen regarding what constitutes appropriate and structurally necessary repairs for the home.

14.      Pursuant to section 627.707(5)(b), Florida Statutes, "until the policyholder enters into a contract for the performance of building stabilization or foundation repairs," Defendant has no responsibility to pay for any amounts necessary to begin or perform the

same.

15.    The execution of a valid repair contract is thus a statutory condition precedent to Defendant's liability for stabilization or foundation repairs.

16.    However, as a result of the above-referenced dispute over what constitutes appropriate and structurally necessary building stabilization and foundation repairs, the parties cannot agree on material repair specifications necessary to solicit bids in order to enter into a contract.

17.    Upon information and belief, Defendant and its engineering firm expressly disclaim and refuse to warrant the efficacy of their recommended method of subsurface remediation and foundation repair.

18.    There exists a bona fide dispute between Plaintiff and Defendant regarding the appropriate and structurally necessary method of remediation and repair required to properly stabilize subsurface conditions and restore the foundation of the home.

19.    Pursuant to sections 86.011(2), 86.051, 86.071, and 86.101, Plaintiff is entitled to have this factual dispute resolved and without a Court declaration, uncertainty will remain regarding the status of certain immunities, powers, privileges and/or rights of the parties under the insurance policy.

20.    The relief sought is not merely the giving of legal advice by the Court or the answer to questions propounded from curiosity. Without declaratory relief from the Court, Plaintiff is unable to comply with a statutory condition precedent to obtaining coverage for building stabilization and foundation repairs to which Plaintiff is statutorily entitled.

21.    As more specifically set forth above, Plaintiff and Defendant have, or reasonably may have, actual, present, adverse and antagonistic interests in the subject matter of this lawsuit and all such interests are properly before this Court.

22.    Because this dispute has arisen, Plaintiff has been required to retain the

services of the undersigned counsel and is obligated to pay them a reasonable fee for their services. Plaintiff is entitled to attorneys' fees pursuant to section 627.428, Florida Statutes.

23.    All conditions precedent to the maintenance of this declaratory judgment action have been complied with, met, or waived.

**WHEREFORE,** Plaintiff demands judgment against Defendant: (i) declaring the rights and duties of the respective parties under the insurance policy and resolving a factual dispute as to what constitutes proper and necessary repairs, upon which such rights and duties do or may depend; (ii) awarding Court costs, costs, expert fees and attorneys' fees pursuant to section 627.428, Florida Statutes; and (iii) awarding such other and further relief as the Court deems proper and just in the premises.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a jury trial on all issues so triable.

Dated this 18 day of December, 2009.

ALAN S. MARSHALL, ESQUIRE
FBN: 0356603
KENNETH C. THOMAS, JR., ESQUIRE
FBN: 0624640
MARSHALL THOMAS BURNETT, P.L.
8824 Belagio Drive
Trinity, Florida 34655
Telephone:    (727) 375-1000
Facsimile:    (727) 376-30
Attorneys for Plaintiff